CENTRE PROPERTIES Co., Plaintiff, v ARNOLD CONSTABLE CORPORATION, Defendant.

First Department, December 9, 1975

*Arthur A. Anderman* of counsel *(Anderman, Povman & Warren,* attorneys), for plaintiff.

*Seymour M. Klein* of counsel *(Edward L. Skolnik* with him on the brief; *Lynton Klein Opton & Saslow,* attorneys), for defendant.

*Per Curiam.* In this submission of a controversy, between plaintiff landlord and defendant tenant, on an agreed statement of facts pursuant to CPLR 3222, we are called upon to construe the meaning and effect of language used in article 30 of a lease executed by and between the parties or their predecessors in interest and to declare their rights thereunder. The lease is dated September 8, 1959.

Article 30, designated "Contribution for Fixtures," provides that the landlord at its sole cost and expense shall fixture the demised premises, a store in a New Jersey shopping center. However, any cost of such fixturing in excess of $300,000 is to be borne by the tenant. In consideration of such fixturing by the landlord and in addition to other rentals, "Tenant agrees to pay as further additional rent to the Landlord within sixty (60) days after the end of each lease year an amount equal to one (1%) per cent of the Tenant's gross volume of business as hereinbefore defined until such time as the Tenant's cumulative gross volume of business has equalled Thirty Million ($30,000,000.) Dollars and thereafter payment of such further additional rent shall terminate. The Tenant may at any time during the first five (5) years of the term of this lease pay in

full the further additional rent by paying to the Landlord the difference between the amount previously paid as further additional rent and Three Hundred Thousand ($300,000.) Dollars and after the first five (5) years of the term by paying to the Landlord the difference between the amount of further additional rent previously paid and Three Hundred Thousand ($300,000.) Dollars, as such difference is increased at the rate of four (4%) per cent for each year after the fifth year or fraction thereof that such Three Hundred Thousand ($300,-000.) Dollars or the reduced amount has not been realized by the payment of such further additional rent as provided in this Paragraph. Upon the termination or expiration of this lease, the difference between the further additional rent previously paid and the Three Hundred Thousand ($300,000.) Dollars, if not fully paid, shall at that time be fully payable as such difference is increased at the rate of four (4%) per cent per annum if said termination or expiration is after the fifth year of the term of this lease."

The lease was terminated pursuant to a termination agreement between the parties, dated July 31, 1974. The parties have stipulated that defendant through the date of termination of the lease, had paid an aggregate of $286,211.80 on account of fixture rent, and subsequently paid $13,788.20, so that $300,000 of fixture rent has now been paid by defendant under article 30; however, no interest has been paid thereon.

As stipulated by the parties, the $300,000, "shall be deemed to consist entirely of periodic payments made by defendant to plaintiff of amounts equal to 1% of defendant's gross volume of business per lease year at the demised premises as provided in said Article 30. The Termination Agreement further provides that defendant will pay to plaintiff an amount equal to the aggregate remaining amount, if any, over and above the aforesaid $300,000 of fixture rent, which defendant would have been required to pay to plaintiff on account of interest under the provisions of said Article 30 had the Lease not been terminated, but had the Lease instead continued and had the defendant continued to make periodic payments on the basis of one 1% of defendant's gross volume of business per lease year until the aggregate of such payments were sufficient to discharge defendant's obligation under said Article 30."

The parties are in disagreement as to whether, had the lease continued, the amount due under article 30 would have been increased by interest due and whether such interest

would have been simple or compound interest, but have stipulated that such interest, if due, is not to be computed beyond August 1, 1974. Simple interest at 4% is computed to be $25,509.15 as of August 1, 1974, and compound interest is computed to be $30,594.61, on the year-to-year unpaid balances of fixture rent after the fifth year of the lease.

Reading article 30 as a whole and giving a reasonable construction to the language used, it is our view that the parties intended to distinguish between payment in full during the first five years of the further additional rent by requiring that payment of the difference between the $300,000 and the amount previously paid be without interest, while, after the first five years, the tenant was to pay to the landlord "the difference between the further additional rent previously paid and the Three Hundred Thousand ($300,000.) Dollars * * * *as such difference is increased at the rate of four (4%) per cent per annum * * * after the fifth year"* (emphasis added). That provision would be meaningless if exactly the same conditions prevailed throughout the entire term of the lease.

The first sentence of article 30 sets forth the formula for calculating further additional rent and provides for a cut-off date when the tenant's cumulative gross volume of business has equalled $30,000,000. The second sentence gives the tenant a right of accelerated payment, without interest, during the first five years. The right of prepayment is continued after the first five years by the language of the second sentence, but such difference is increased at the rate of 4% for each year after the fifth year or fraction thereof. Thus, the very language of the lease imports an obligation to pay interest after the first five years. Moreover, such construction of the lease terms does not impose any additional liability upon the tenant not contemplated by the clear terms of the lease. (See *455 Seventh Ave. v Hussey Realty Corp.,* 295 NY 166, 172.)

Nothing in the language of article 30 suggests, even remotely, that compound interest was contemplated. The third sentence of the article envisions a possible deficiency upon the termination or expiration of the lease and speaks only of 4%. Calculation of simple interest is feasible. To impose compound interest is to write an additional condition into the lease which, obviously, was not contemplated by the parties.

Plaintiff is entitled to judgment, without costs. In accordance with the terms of the stipulation, and upon such declara-

tion, judgment is granted to plaintiff in the sum of $25,509.15, without interest.

STEVENS, P. J., MARKEWICH, TILZER, LANE and NUNEZ, JJ., concur.

Upon a submission of controversy, pursuant to CPLR 3222, on an agreed statement of facts, judgment unanimously directed in favor of plaintiff in the sum of $25,509.15, without interest, without costs and without disbursements.